IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM DAVIS, )<br>)<br>           Plaintiff, )<br>)<br>     v. )<br>)<br>ZORESCO EQUIPMENT COMPANY, )<br>)<br>           Defendant. ) | 2:22-CV-602 |

## ORDER

Defendant Zoresco Equipment Company removed this case from state court to this Court on April 22, 2022. ECF 1. The Court held an initial case management conference on July 7, 2022, and scheduled a post-discovery status conference for February 6, 2023. ECF 13; ECF 15. On September 23, 2022, counsel for Plaintiff William Davis filed a notice of Mr. Davis's death. ECF 16. Following the post-discovery status conference on February 6, 2023, Mr. Davis's counsel moved to withdraw appearance, which the Court granted on March 30, 2023. ECF 19; ECF 20. In the March 30, 2023, order, the Court also stayed this case for 65 days and stated that this matter would be automatically dismissed with prejudice in the event Mr. Davis and/or his estate failed to file a notice of intent to proceed.

Not having received any notice of intent to proceed, or to take any other action, from Mr. Davis, on July 16, 2024, the Court ordered Mr. Davis or his successor to file a notice of intent to proceed by July 30, 2024, or otherwise respond to the Order and show good cause why this case should not be dismissed with prejudice for failure to prosecute. ECF 21.

Over a year later, the Court still has not received a notice of intent to proceed, or any other response, from Mr. Davis or his successor. For the reasons below, the Court will dismiss Mr. Davis's case with prejudice.

Rule 41(b) of the Federal Rules of Civil Procedure states that "a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) (citation omitted). The Third Circuit has set forth six factors to be weighed in considering whether dismissal is proper under Rule 41(b): "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

After carefully weighing all the relevant factors, the Court finds that dismissal of Mr. Davis's claims with prejudice is appropriate. The Court has considered each and every factor; even assuming that certain factors could be neutral or favor Mr. Davis, the following factors weigh in favor of dismissal with prejudice:

- "[Nearly three years] have passed since the suggestion of death was filed with no indication that plaintiff's estate intends to continue this action[,]" despite two orders from the Court requesting that Mr. Davis or his estate file a notice of intent to proceed. *Keating v. Leviton Mfg. Co.*, No. 06-6027, 2009 WL 234654, at *2 (E.D.N.Y. Jan. 30, 2009). The failure of Mr. Davis or his successor "to litigate this case, and to comply with court [orders] frustrates and delays resolution of this action[,]" and "prejudices the defendant, who seeks a timely resolution of the case." *Hadidi v. City of Shamokin*, No. 22-00066, 2024 WL 4867137, at *3 (M.D. Pa. Jan. 5, 2024); *see also Thuman v. Zaken*, No. 22-1929, 2022 WL 2135262, at *2 (W.D. Pa. May 20, 2022) (Dodge, M.J.) (plaintiff's "refusal to comply with court orders and his failure to communicate with

the Court frustrates and delays resolution of his claims against the defendants."), *report and recommendation adopted*, No. 20-1929, 2022 WL 2133859 (W.D. Pa. June 13, 2022).

- "Under the circumstances presented here, where [Mr. Davis or his successor] has failed to comply with court-ordered deadlines or to otherwise communicate with the Court, and appears to have abandoned the litigation, it is unlikely that alternative sanctions would be effective." *Thuman*, 2022 WL 2135262, at *3 (citation omitted).

Further, Federal Rule of Civil Procedure 25(a) states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." This action "has been dormant for [over two] years and no party or legal successor has filed a motion to substitute party." *Alvarez v. San Juan VA Med. Ctr.*, No. 17-0049, 2021 WL 1136069, at *1 (D.V.I. Mar. 24, 2021). Given that Mr. Davis "has failed to prosecute the case, [and] is believed to be deceased, and there has been no action to substitute a party plaintiff in the case[,]" the Court dismisses the action with prejudice pursuant to Rule 41(b). *Id.*

\*   \*   \*

**AND NOW**, this 20th day of August, 2025, it is **ORDERED** that all of Mr. Davis's claims in this case are **DISMISSED with prejudice**. The Clerk of Court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

- 4 -

cc:
William Davis
526 Grove Road
Verona, PA 15147